UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BISHOP,

    Plaintiff,

-vs-                                                          Case No.  8:08-cv-2170-T-24-MAP

ALLIED VAN AIRLINES,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's motion to dismiss the Complaint (Doc. 3.)  Plaintiff opposes the motion. (Doc. 5.)

## BACKGROUND

Plaintiff alleges that she contracted with Defendant to pack, store, and ship her belongings from Tennessee to Florida.  (Id. ¶ 5.)  When the belongings arrived in Florida, Plaintiff discovered that some were damaged or missing.  (Id. ¶ 6.)

Plaintiff sued in state court to collect damages for the injury caused by Defendant to her property. Defendant removed the case to Federal court.  Plaintiff's Complaint does not specify the exact claims Plaintiff brings, but rather recites the history of the parties' relationship and requests that the Court grant "Judgment for damages against the Defendant and for such other relief as the Court deems appropriate."  (Compl., p. 3.)

Defendant moves to dismiss on the ground that Plaintiff's claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.  Plaintiff's response to the Motion states that the Carmack Amendment does not preempt her claims, because the case is not based in contract or negligence, but is rather a "bailment type action."  (Doc. 5, p. 1.)  Plaintiff asks that the Court

deny the motion to dismiss or, in the alternative, that the Court grant Plaintiff leave to amend the Complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## DISCUSSION

A. *Motion to Dismiss*

The Carmack Amendment is designed to be the sole means of imposing liability against

interstate shippers for loss or damage to the property they transport. Smith v. United Parcel Serv., 296 F.3d 1244, 1246 (11th Cir. 2002). It is not meant to co-exist with, but to preempt, state means of imposing liability arising out of the shipment of goods. Id. "For a shipper to state a prima facie case under the Carmack Amendment, it must show by a preponderance of the evidence that the goods: 1) were delivered to the carrier in good condition, 2) arrived in damaged condition or were lost in transit, and 3) that the damage or loss resulted in the specified amount of damage." Hartford Fire Ins. Co. v. LTD Air Cargo, Inc., 1998 U.S. Dist. Lexis 23230 at *11 (S.D. Fla. Nov. 18, 1998).

If Plaintiff's claims were founded in contract, conversion, or negligence, they would be preempted by the Carmack Amendment. However, within Plaintiff's pleadings one can discover the prima facie case of a Carmack Amendment claim: Plaintiff has pled that her goods were either not returned to her, or were returned to her in worse condition than that in which she delivered them to Defendant, resulting in the damage for which she seeks to collect. Thus, Plaintiff has stated a claim that can withstand Carmack preemption.

B. *More Definite Statement*

However, Defendant is correct that Plaintiff makes her allegation vaguely. Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored under the law. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so

ambiguous or vague that a party cannot be reasonably expected to respond." <u>Eye Care International, Inc. v. Underhill</u>, 92 F. Supp.2d 1310, 1316 (M.D. Fla. 2000)(citation omitted). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." <u>Id.</u> (citation omitted).

Plaintiff's Complaint could be construed to bring a contract, negligence, or conversion claim, just as easily as it could be construed to bring a Carmack Amendment claim. However, this Court has stated that all but a Carmack Amendment claim would be preempted, and Plaintiff acknowledges in its Response to the motion to dismiss that the Complaint was meant to bring such a claim. Thus, rather than requiring Plaintiff to re-plead, the Court hereby construes the Complaint to bring a sole Carmack Amendment claim.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's motion to dismiss is DENIED; and

2. Plaintiff's Complaint is construed as bringing a Carmack Amendment claim only.

DONE AND ORDERED this 4th day of December, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record